**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IAN BEHAR, DANIEL BLUMKIN, and RYAN SASSON, | ) | |
| Plaintiffs, | ) | Civil Case No. |
| v. | ) | |
| FEDERAL INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, and RSUI INDEMNITY COMPANY, | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants FEDERAL INSURANCE COMPANY ("Federal"), ARGONAUT INSURANCE COMPANY ("Argonaut"), and RSUI INDEMNITY COMPANY ("RSUI") (collectively, "Defendants") hereby remove this case, originally filed in the Superior Court of the State of Delaware, to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. §§ 1441 and 1446, and in support thereof state as follows:

## INTRODUCTION

1. On March 26, 2025, Ian Behar, Daniel Blumkin, and Ryan Sasson (collectively, "Plaintiffs") filed a civil action (Case No. N25C-03-315 PAW CCLD) against Defendants in the Superior Court for the State of Delaware (the "State Court Action"). *See* Plaintiffs' Complaint, attached hereto pursuant to 28 U.S.C. § 1446(a) as Exhibit 1.

2. Plaintiffs served the summons and complaint upon all Defendants through the Insurance Commissioner on or before April 9, 2025. By letters dated April 9, 2025 and post-marked April 10, 2025, the Insurance Commissioner's office mailed copies of the summons and complaint to each Defendant. 18 Del. C. §525(b) provides that, when service on an insurer is made by delivery to the Delaware Insurance Commissioner, such service is complete three days after the

Insurance Commission mails the summons and complaint to the insurer. The effective date of service accordingly is no earlier than April 12, 2025.

3. Pursuant to 28 U.S.C. § 1332, this Court would have had subject matter jurisdiction over the State Court Action if the matter had originally been brought in federal court because: (1) there is complete diversity of citizenship between Plaintiffs and Defendants; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. As a result, the State Court Action is removable under 28 U.S.C. §§ 1332 and 1441(a).

4. This Notice is being timely filed in compliance with 28 U.S.C. § 1446(b), and within thirty (30) days after April 12, 2025, the earliest possible effective date of service of the Complaint. Fed. R. Civ. P. 6(e).

5. The Complaint is the only pleading that has been received by Defendants and that has been filed in the State Court Action. *See* Exhibit 1.

## **DIVERSITY JURISDICTION**

6. This action involves a controversy between parties that are citizens of different states.

7. Plaintiffs Ian Behar and Ryan Sasson are domiciled in the State of Florida, and Plaintiff Daniel Blumkin is domiciled in the State of New York. Thus, Plaintiffs are citizens of Florida and New York for purposes of diversity jurisdiction.

8. Defendant Federal is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in the State of New Jersey. As such, Federal is a citizen of Indiana and New Jersey.[1]

[1] Plaintiffs' complaint correctly alleges Federal is incorporated in Indiana but incorrectly alleges Federal has its principal place of business in Pennsylvania. Even assuming the truth of Plaintiffs' allegations, diversity exists.

9. Defendant Argonaut is a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business in the State of Illinois. As such, Defendant Argonaut is a citizen of Nebraska and Illinois.[2]

10. Defendant RSUI is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in the State of Georgia. As such, Defendant RSUI is a citizen of New Hampshire and Georgia.[3]

11. There is complete diversity between Plaintiffs, who are citizens of Florida and New York, and Defendants, who are citizens of Indiana, New Jersey, Nebraska, Illinois, New Hampshire, and Georgia.

12. This case seeks a declaratory judgment regarding the rights and obligations under the primary insurance policy issued by Federal and the excess insurance policies issued by Argonaut and RSUI.

**AMOUNT IN CONTROVERSY**

13. Plaintiffs seek a declaratory judgment that Defendants must defend and indemnify them under their insurance policies. Plaintiffs seek coverage under Insuring Clause A of the Directors & Officers and Entity Liability Coverage Part of the Federal primary insurance policy, which is subject to a policy limit of $3,000,000 and an additional $500,000 limit dedicated for Executives. *See* Exhibit 1, Compl. ¶¶ 16-28, 32-36, 38-53. Argonaut and RSUI each issued

---

[2] Plaintiffs' complaint incorrectly alleges Argonaut is incorporated in Illinois but correctly alleges Argonaut's principal place of business is in Illinois. Even assuming the truth of Plaintiffs' allegations, diversity exists.

[3] Plaintiffs' complaint incorrectly alleges RSUI is incorporated in Georgia but correctly alleges RSUI's principal place of business is in Georgia. Even assuming the truth of Plaintiffs' allegations, diversity exists.

insurance policies excess of the Federal primary insurance policy, and Plaintiffs seeks coverage under those policies as well. *Id*. ¶¶ 29-30, 37, 52-53.

14. The alleged coverage obligations arise from a Consumer Financial Protection Bureau (CFPB) action, alleging Plaintiffs' involvement in a debt-relief scheme developed through a web of interrelated companies and fabricated law firms. *See* Exhibit 1.

15. The Complaint alleges, in paragraph 36, that Federal has failed to provide Plaintiffs with a defense, has failed to pay Plaintiffs' defense cost, and that such costs to date are in excess of $2 million. Therefore, the amount in controversy exceeds $75,000, exclusive of interests and costs.

**COMPLIANCE WITH PROCEDURAL PRE-REQUISITES TO REMOVAL**

16. This action is properly removed to this Court, as the State Court Action is pending within this district. See 28 U.S.C. § 1441(a).

17. Pursuant to 28 U.S.C. § 1446(a), Defendants attach and incorporate by reference a copy of the process, pleadings and orders served upon them in the State Court Action. See Exhibit 1.

18. Pursuant to 28 U.S.C. § 1446(b)(2), all Defendants join in the removal of the State Court Action.

19. Defendants are providing written notice of the filing of this Notice of Removal to Plaintiffs as required by law. Defendants are also filing a copy of this Notice of Removal with the Superior Court of the State of Delaware.

20. Defendants hereby remove the State Court Action to this Court.

Dated: May 2, 2025

Respectfully Submitted,

FEDERAL INSURANCE COMPANY

/s/ Julie M. O'Dell

Robert J. Katzenstein (Del. ID 378)
Julie M. O'Dell (Del. ID 6191)
SMITH, KATZENSTEIN & JENKINS LLP
1000 N. West Street, Suite 1501
P.O. Box 410
Wilmington, DE 19899
Tel: 302-652-8400
rjk@skjlaw.com
jmo@skjlaw.com

Joseph A. Bailey III (*pro hac vice* forthcoming)
Chiara Tondi Resta (*pro hac vice* forthcoming)
WERNER AHARI MANGEL LLP
2112 Pennsylvania Avenue NW, Suite 200
Washington, DC 20037
Tel: 202-599-1052
Fax: 202-599-1060
jbailey@wam.law
ctondiresta@wam.law

ARGONAUT INSURANCE COMPANY

/s/ Bruce W. McCullough

Bruce W. McCullough (Del. ID 3112)
BODELL BOVÉ, LLC
1225 N. King Street, Suite 1000
Wilmington, Delaware 19801-3250
Tel: 302-655-6749
Fax: 302-655-6827
bmccullough@bodellbove.com

David F. Cutter (*pro hac vice* forthcoming)
Jonathan R. Walton (*pro hac vice* forthcoming)
BATESCAREY LLP
191 N. Wacker Drive, Suite 2400
Chicago, IL 60606
Tel: 312-762-3100
Fax: 312-762-3200

dcutter@batescarey.com
jwalton@batescarey.com

RSUI INDEMNITY COMPANY

/s/ Bruce W. McCullough
Bruce W. McCullough (Del. ID 3112)
BODELL BOVÉ, LLC
1225 N. King Street, Suite 1000
Wilmington, Delaware 19801-3250
Tel: 302-655-6749
Fax: 302-655-6827
bmccullough@bodellbove.com

Robert A. Benjamin (*pro hac vice* forthcoming)
Michael L. Gulotta (*pro hac vice* forthcoming)
KAUFMAN BORGEEST & RYAN LLP
200 Summit Lake Drive
Valhalla, NY 10595
Tel: 914-449-1059
Fax: 914-449-1100
rbenjamin@kbrlaw.com
mgulotta@kbrlaw.com