**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IAN BEHAR, DANIEL BLUMKIN, and RYAN SASSON,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, and RSUI INDEMNITY COMPANY,<br><br>Defendants. | C.A. No. 25-538-JLH-LDH |

**ORDER**

WHEREAS, Plaintiffs filed this insurance coverage dispute in Delaware Superior Court, and Defendants removed to this Court (D.I. 1 (notice of removal); D.I. 1-1 ("Complaint"));

WHEREAS, Count I alleges breach of contract against Defendant Federal Insurance Company ("Federal") for its refusal to defend Plaintiffs in an enforcement action brought against Plaintiffs (and others) by the Consumer Financial Protection Bureau and various state Attorneys General ("CFPB Action") (*see* D.I. 33, Ex. A ("CFPB Complaint"));

WHEREAS, Count II alleges bad faith against Federal;

WHEREAS, Count III seeks a declaratory judgment that says (among other things) that all Defendants have a "duty to defend" Plaintiffs in the CFPB Action;

WHEREAS, Plaintiffs filed a motion styled, "Partial Motion for Judgment on the Pleadings" (D.I. 20), in which Plaintiffs seek a ruling from the Court that Defendants have a duty to defend Plaintiffs in the CFPB Action;

WHEREAS, Defendants filed a motion styled, "Cross-Motion for Judgment on the Pleadings" (D.I. 32), in which they contend that a "Professional Services Exclusion bars coverage for the CFPB Action, precluding any duty to defend" (D.I. 33 at 1);

WHEREAS, Defendants' motion further argued that the Court should grant judgment on the pleadings as to Plaintiffs' bad faith claim "for the same reason and the additional reason that Federal was at least reasonably justified in invoking the exclusion to deny coverage" (*id.* at 1–2);

WHEREAS, Defendants' motion additionally argued that the Court should grant "judgment on the pleadings on the alternative grounds that there is no case or controversy between [Plaintiffs] and RSUI" (*id.* at 2);

WHEREAS, Plaintiffs filed a document styled, "Request for Judicial Notice" (D.I. 38), which asks the Court to consider a "Decision and Order Granting Plaintiff's Motion for Preliminary Injunction" in the CFPB Action, *Consumer Financial Protection Bureau, et al. v. Stratfs, LLC (f/k/a Strategic Financial Solutions, LLC)*, No. 24-cv-40-EAW-MJR, D.I. 183 (W.D.N.Y. March 4, 2024) (D.I. 38, Ex. A);

WHEREAS, on February 4, 2026, U.S. Magistrate Judge Laura D. Hatcher issued a 17-page Report and Recommendation on the pending motions (D.I. 44 ("R&R")), concluding (among other things) (1) that the Court can take judicial notice of the preliminary injunction order in the CFPB Action (*id.* at 7); (2) that some of the claims asserted in the CFPB Action are not covered by the Professional Services Exclusion (thereby triggering a duty to defend) (*id.* at 8–15 (recommending judgment for Plaintiffs on Counts I and III)); (3) that Defendants are not entitled to judgment on the pleadings on Plaintiffs' bad faith claim (Count II) (*id.* at 15–16); and (4) that there is no "case or controversy" between Plaintiffs and RSUI (*id.* at 16–17);

WHEREAS, Defendants objected to the R&R (D.I. 45), arguing (i) that it "incorrectly concludes that the professional services exclusion does not bar coverage for the deception counts [of the CFPB Action]" (*id.* at 2); and (ii) that it "incorrectly allows the bad faith cause of action [(Count II)] to survive" (*id.* at 6);

WHEREAS, Plaintiffs also objected (D.I. 46), arguing (i) that, although the R&R took judicial notice of the preliminary injunction order in the CFPB Action, the R&R "does not reflect consideration" of that order (*id.* at 4–6); and (ii) that "the R&R erred in concluding that no actual and ripe controversy exists as to RSUI" (*id.* at 6–8);

WHEREAS, the Court has reviewed the parties' submissions (D.I. 20, 21, 22, 32, 33, 37, 38, 41, 42, 43, 45, 46, 52, 53) *de novo*, 28 U.S.C. § 636(b)(1);

WHEREAS, the Court concludes that the R&R correctly determined that the duty to defend has been triggered because at least one of the claims asserted in the CFPB Action is not subject to the Professional Services Exclusion, for the reasons stated by Judge Hatcher;

WHEREAS, the Court agrees with the R&R that the record reflects no ripe case or controversy between Plaintiffs and RSUI;

NOW, THEREFORE, IT IS HEREBY ORDERED that, for the reasons stated below, the parties' objections to the R&R are OVERRULED, and the R&R is ADOPTED as modified below:

1. I'll start with the declaratory judgment claim against RSUI. RSUI asks for "judgment on the pleadings," arguing that there is no "case or controversy" between it and Plaintiffs because (i) it hasn't yet made a coverage determination and (ii) its coverage obligations are unlikely to ever be implicated because it is a second excess insurer—excess of the $3 million Federal policy and the $2 million Argo policy. Although RSUI asks for "judgment" in its favor (and the R&R recommends granting "judgment" to RSUI), RSUI is really making an argument

about ripeness, which implicates the Court's subject matter jurisdiction. (*See* D.I. 33 (Defendants' Br.) at 23–25 (citing cases about subject matter jurisdiction/ripeness).) Plaintiffs have the burden to establish ripeness. RSUI says that there is no reasonable likelihood that the other policies will be exhausted. Plaintiffs failed to provide any plausible allegations or evidence supporting their conclusory assertion that the other policies will be exhausted. Accordingly, the claim against RSUI is dismissed for lack of subject matter jurisdiction. *See, e.g.*, *Nat'l Fire & Marine Ins. Co. v. Genesis Healthcare, Inc.*, No. 22-3377, 2023 WL 8711823, at *4 (3d Cir. Dec. 18, 2023); *cf. XL Specialty Ins. Co. v. WMI Liquidating Tr.*, 93 A.3d 1208, 1218, 1220 (Del. 2014).

2. Turning to the substantive issues, the Court observes a lack of clarity in the relief sought by the parties' motions. The Court proceeds on the understanding that, with respect to Counts I and III, at this stage of the case, it is only being asked to determine whether a duty to defend has been triggered. Both sides agree that it is appropriate at this stage of the case for the Court to rule on whether a duty to defend has been triggered. Both sides agree that the analysis should be undertaken by assessing the claims in the CFPB complaint and comparing them to a Professional Services Exclusion in the policies. Both sides agree that if a claim in the CFPB Action is ***not*** "based upon, arising from, or in consequence of the rendering of, or failure to render, any **Professional Services** by an **Insured**" (emphasis in original) (D.I. 33, Ex. B, Endorsement 1 ("Professional Services Exclusion")), then that claim is not excluded by the Professional Services Exclusion. And if that claim is not excluded by the Professional Services Exclusion, then there is a duty to defend Plaintiffs with respect to that claim. In addition, Plaintiffs contend—and

Defendants don't appear to dispute—that if there is a duty to defend one claim in the CFPB suit, then there is a duty to defend Plaintiffs in the CFPB suit.[1]

3. Defendants say that the R&R erred in concluding that the Professional Services Exclusion did not exclude certain claims alleged in the CFPB Action relating to false statements and deceptive practices. I disagree, for the same reasons articulated by Judge Hatcher in the R&R. (D.I. 44 at 12–15 (citing *ACE Am. Ins. Co. v. Guaranteed Rate, Inc.*, 305 A.3d 339, 347, 349–50 (Del. 2023) (rejecting application of professional services exclusion where there was no "meaningful linkage" between the allegations of misconduct and the provision of professional services)); *see also, e.g.*, *Gallup, Inc. v. Greenwich Ins. Co.*, No. 14-02-136, 2015 WL 1201518, at *11–12 (Del. Super. Ct. Feb. 25, 2015) (holding that professional services exclusion did not apply to claims relating to billing practices).)[2] As at least one claim in the CFPB Action is outside the scope of the Professional Services Exclusion, there is a duty to defend.[3] Plaintiffs' motion for judgment on the pleadings with respect to Counts I and III is GRANTED insofar as it requests a

---

[1] *See Pac. Ins. Co. v. Liberty Mut. Ins. Co.,* 956 A.2d 1246, 1255 (Del. 2008) ("[I]f even one count or theory alleged in the complaint lies within the policy coverage, the duty to defend arises.").

[2] Defendants' authorities are either non-binding or distinguishable. For example, in *MDL Capital Management, Inc. v. Federal Insurance Company*, 274 F. App'x 169, 173 (3d Cir. 2008), which applied Pennsylvania law, the claims related to an alleged failure to render investment advisor services.

[3] The Court declines Plaintiffs' request to "clarify" coverage on the other claims in the CFPB Action in view of the court's preliminary injunction order in the CFPB Action. (D.I. 46.) Plaintiffs requested and are being granted judgment regarding Defendants' duty to defend the CFPB Action. (D.I. 20 (Plaintiffs' motion and proposed order).) *See Pac. Ins. Co. v. Liberty Mut. Ins. Co.*, 956 A.2d 1246, 1254 (Del. 2008) ("In construing an insurer's duty to indemnify and/or defend a claim asserted against its insured, a court typically looks to the allegations of the complaint to decide whether the third party's action against the insured states a claim covered by the policy, thereby triggering the duty to defend." (citations omitted)). All the Court is deciding at this stage of the case is that at least one claim alleged in the CFPB Action falls outside of the Professional Services Exclusion, thereby triggering the duty to defend. The Court need not and does not decide anything else.

ruling that there is a duty to defend the CFPB Action. Defendants' motion for judgment on the pleadings is DENIED.

4. Finally, Defendants object to the R&R's conclusion that Defendants are not entitled to judgment on Plaintiffs' bad faith claim. (R&R at 15–16; D.I. 45 at 6.) The bad faith claim turns on whether Defendants had a reasonable justification for denying coverage. *ACE*, 305 A.3d at 350. The Complaint alleges that Defendants did not have a reasonable basis for denying coverage, (Complaint ¶¶ 47–50), and reasonableness is a quintessential fact question that cannot be resolved on the pleadings, *see Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1206–07 (Del. 1993) (holding that reasonableness is a question of fact that cannot be resolved on a motion for judgment on the pleadings). So the R&R did not err in concluding that Plaintiffs' bad faith claim survives.

IT IS FINALLY ORDERED that

A. Plaintiffs' claim against RSUI is DISMISSED for lack of subject matter jurisdiction.

B. Plaintiffs' motion for judgment on the pleadings on Counts I and III (D.I. 20) is GRANTED in Plaintiffs' favor insofar as it requests a ruling that there is a duty to defend the CFPB action.

C. Defendants' request for judgment on the pleadings (D.I. 32) is DENIED.

D. Plaintiffs' request for judicial notice (D.I. 38) is GRANTED.

Dated: September 16, 2026

The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE